APPEAL,CLOSED,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:09–cv–01482–FJS
### *Internal Use Only*

| | |
|---|---|
| PALMER et al v. DISTRICT OF COLUMBIA et al | Date Filed: 08/06/2009 |
| Assigned to: Judge Frederick J. Scullin, Jr | Date Terminated: 07/29/2014 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: None |
| | Nature of Suit: 950 Constitutional – State Statute |
| | Jurisdiction: Federal Question |

**Plaintiff**

**TOM G. PALMER**                represented by    **Alan Gura**
GURA &POSSESSKY, PLLC
105 Oronoco Street
Suite 305
Alexandria, VA 22314
(703) 835–9085
Fax: (703) 997–7665
Email: alan@gurapossessky.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GEORGE LYON**                represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EDWARD RAYMOND**                represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMY MCVEY**                represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SECOND AMENDMENT FOUNDATION, INC.**                represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DISTRICT OF COLUMBIA**            represented by   **Andrew J. Saindon**
                                                    D.C. OFFICE OF ATTORNEY
                                                    GENERAL
                                                    441 4th Street, NW
                                                    Sixth Floor South
                                                    Washington, DC 20001–2714
                                                    (202) 724–6643
                                                    Fax: (202) 730–1470
                                                    Email: andy.saindon@dc.gov
                                                    *LEAD ATTORNEY*

**Defendant**

**CATHY L. LANIER**                 represented by   **Andrew J. Saindon**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/06/2009 | 1 | | COMPLAINT against DISTRICT OF COLUMBIA, CATHY LANIER ( Filing fee $ 350, receipt number 4616022974) filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. (Additional attachment(s) added on 8/11/2009: # 3 Complaint: # 4 Civil Cover Sheet) (ks, ). Modified on 8/11/2009 (ks). (Entered: 08/07/2009) |
| 08/06/2009 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SECOND AMENDMENT FOUNDATION, INC. (ks) (Entered: 08/07/2009) |
| 08/07/2009 | 3 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DISTRICT OF COLUMBIA served on 8/6/2009, answer due 8/26/2009; CATHY LANIER served on 8/6/2009, answer due 8/26/2009 (Gura, Alan) (Entered: 08/07/2009) |
| 08/07/2009 | | | Summons (3) Issued as to CATHY LANIER DISTRICT OF COLUMBIA., SUMMONS Issued as to CATHY LANIER, Andrian Fenty and U.S. Attorney General (ks) (Entered: 08/07/2009) |
| 08/18/2009 | 4 | | Consent MOTION for Extension of Time to Respond to the 1 COMPLAINT against DISTRICT OF COLUMBIA, CATHY LANIER by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) Modified on 8/18/2009 to correct docket text and add correct linkage (tr). (Entered: 08/18/2009) |
| 08/18/2009 | | | MINUTE ORDER granting 4 Consent Motion to Enlarge Time to Respond. Accordingly, defendants' response to the complaint is due on or before September 9, 2009. Signed by Judge Henry H. Kennedy, Jr. on August 18, 2009. (lchhk1) (Entered: 08/18/2009) |
| 08/19/2009 | | | Set Deadlines: Answer due by 9/9/2009. (tj) (Entered: 08/19/2009) |
| 08/26/2009 | 5 | | MOTION for Summary Judgment by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. |

| | | |
|---|---|---|
| | | (Attachments: #_1 Memorandum in Support, #_2 Text of Proposed Order, #_3 Statement of Facts, #_4 Declaration of Tom G. Palmer, #_5 Declaration of George Lyon, #_6 Declaration of Edward Raymond, #_7 Declaration of Amy McVey, #_8 Declaration of Alan Gottlieb, #_9 Exhibit A, #_10 Exhibit B, #_11 Exhibit C, #_12 Exhibit D)(Gura, Alan) (Entered: 08/26/2009) |
| 09/09/2009 | 6 | MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: #_1 Statement of Facts, #_2 Exhibit Opposition to PSMF, #_3 Text of Proposed Order)(Saindon, Andrew) (Entered: 09/09/2009) |
| 09/09/2009 | 7 | NOTICE *that Defendants' Motion for Summary Judgment also serves as their Opposition to Plaintiffs' Motion for Summary Judgment* by DISTRICT OF COLUMBIA, CATHY LANIER (Saindon, Andrew) (Entered: 09/09/2009) |
| 09/09/2009 | 8 | Memorandum in opposition to re_5 MOTION for Summary Judgment filed by DISTRICT OF COLUMBIA. (tr)(See Docket Entry_6 to view document. Counsel is reminded to docket all parts of the pleading in future filings.) (Entered: 09/10/2009) |
| 09/11/2009 | | NOTICE of Hearing on_6 MOTION for Summary Judgment *and_5 MOTION for Summary Judgment : Motion Hearing set for 1/22/2010 @ 2:00 PM in Courtroom 27A before Judge Henry H. Kennedy. *Note: Parties will be allowed 20 minutes per side for oral argument*(tj) (Entered: 09/11/2009)* |
| 09/23/2009 | 9 | Memorandum in opposition to re_6 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: #_1 Statement of Facts in dispute, #_2 Exhibit E, #_3 Exhibit F, #_4 Exhibit G)(Gura, Alan) (Entered: 09/23/2009) |
| 09/23/2009 | 10 | REPLY to opposition to motion re_5 MOTION for Summary Judgment filed by TOM G. PALMER, GEORGE LYON, EDWARD RAYMOND, AMY MCVEY, SECOND AMENDMENT FOUNDATION, INC. (tr)(See Docket Entry_9 to view document. Counsel is reminded to docket all parts of the pleading in future filings.) (Entered: 09/24/2009) |
| 09/30/2009 | 11 | Consent MOTION for Extension of Time to File Response/Reply by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: #_1 Text of Proposed Order)(Saindon, Andrew) (Entered: 09/30/2009) |
| 10/01/2009 | | MINUTE ORDER granting_11 Consent Motion for Extension of Time to Reply. Accordingly, defendants' reply in support of its motion for summary judgment is due on October 7, 2009. Signed by Judge Henry H. Kennedy, Jr. on October 1, 2009. (NP) (Entered: 10/01/2009) |
| 10/06/2009 | 12 | REPLY to opposition to motion re_6 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 10/06/2009) |
| 01/15/2010 | 13 | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: #_1 Exhibit A)(Gura, Alan) (Entered: 01/15/2010) |
| 01/22/2010 | | Minute Entry for proceedings held before Judge Henry H. Kennedy: Motion Hearing held on 1/22/2010 re MOTION for Summary Judgment. Oral argument held and the court takes its decision under advisement. (Court Reporter: Annie Shaw.) (tj) (Entered: 01/22/2010) |

| 01/29/2010 | 14 | | RESPONSE re 13 NOTICE OF SUPPLEMENTAL AUTHORITY *and Additional Briefing* filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 01/29/2010) |
|---|---|---|---|
| 02/05/2010 | 15 | | REPLY re 14 Response to Document *Unauthorized Supplemental Brief* filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 02/05/2010) |
| 03/26/2010 | 16 | | ENTERED IN ERROR.....NOTICE *of decision in Heller v. District of Columbia, No. 08–1289 (RMU)* by DISTRICT OF COLUMBIA, CATHY LANIER (Saindon, Andrew) Modified on 3/26/2010 (zjf, ). (Entered: 03/26/2010) |
| 03/26/2010 | | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 16 Notice (Other) was entered in error at the request of counsel and will be refiled with corrected document.(zjf, ) (Entered: 03/26/2010) |
| 03/26/2010 | 17 | | NOTICE *of decision in Heller v. District of Columbia, No. 08–1289 (RMU)* by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: # 1 Exhibit Memorandum Opinion, # 2 Exhibit Order)(Saindon, Andrew) (Entered: 03/26/2010) |
| 03/29/2010 | 18 | | NOTICE *response to notice of decision* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. re 17 Notice (Other) (Gura, Alan) (Entered: 03/29/2010) |
| 07/14/2010 | 19 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: McDonald v. City of Chicago)(Gura, Alan) (Entered: 07/14/2010) |
| 07/18/2011 | 20 | | ORDER by Chief Justice of the United States Supreme Court directing the designation and assignment of a United States District Judge for service in another circuit; assigning Judge Frederick J. Scullin, Jr. of the U.S. District Court for the Northern District of New York to the following cases: 10cv1646,08cv1199,09cv1482,10cv985,10cv2109,09cv96,06cv1216,02cv603,08cv77,and 06cv1652. (Signed by Chief Justice John D. Roberts on 7/1/11) (Entered: 07/18/2011) |
| 07/18/2011 | 21 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Gura, Alan) (Entered: 07/18/2011) |
| 07/18/2011 | | | TEXT SCHEDULING NOTICE: In Person Status Conference set for 7/22/2011 10:00 AM in Chambers 6333 before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/18/2011) |
| 07/18/2011 | 22 | | Case Reassigned to Judge Frederick J. Scullin, Jr. Judge Henry H. Kennedy no longer assigned to the case. (jeb, ) (Entered: 07/18/2011) |
| 07/20/2011 | 23 | | RESPONSE re 21 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 07/20/2011) |
| 07/22/2011 | | | Minute Entry for proceedings held before Judge Frederick J. Scullin, Jr: In Person Status Conference held on 7/22/2011. Counsel meets in chambers to discuss status of pending motion which is fully briefed. The Court decides to take the motion on submission. APP: Alan Gura, Esq. for Pltf; Andrew Saindon, AAG. LC: DEM. (Scullin, Frederick) (Entered: 07/25/2011) |

| 09/12/2011 | 24 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: #1 Exhibit Kachalsky v Cacace)(Saindon, Andrew) (Entered: 09/12/2011) |
|---|---|---|---|
| 09/14/2011 | 25 | | RESPONSE *to Defendants' Supplemental Authority* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. re 24 NOTICE OF SUPPLEMENTAL AUTHORITY (Gura, Alan) Modified on 9/15/2011 to edit event used (dr). (Entered: 09/14/2011) |
| 10/06/2011 | 26 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Gura, Alan) (Entered: 10/06/2011) |
| 02/06/2012 | 27 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: #1 Exhibit Moore v Madigan)(Saindon, Andrew) (Entered: 02/06/2012) |
| 03/07/2012 | 28 | | RESPONSE *to Defendants' Supplemental Authority* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. re 27 NOTICE OF SUPPLEMENTAL AUTHORITY (Gura, Alan) Modified on 3/9/2012 to edit event and text (dr). (Entered: 03/08/2012) |
| 03/08/2012 | 29 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: #1 Exhibit A: Woollard v. Sheridan, #2 Exhibit B: US v. Weaver)(Gura, Alan) (Entered: 03/08/2012) |
| 03/16/2012 | 30 | | RESPONSE re 29 NOTICE OF SUPPLEMENTAL AUTHORITY filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 03/16/2012) |
| 03/29/2012 | 31 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: #1 Exhibit A: Bateman v. Perdue)(Gura, Alan) (Entered: 03/29/2012) |
| 04/04/2012 | 32 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY LANIER (Attachments: #1 Exhibit Shepard v Madigan (S.D. Ill. Mar. 30, 2012))(Saindon, Andrew) (Entered: 04/04/2012) |
| 05/24/2012 | 33 | | SUPPLEMENTAL MEMORANDUM to re 6 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Attachments: #1 Exhibit Illinois Brief, Moore v. Madigan (7th Cir.), #2 Exhibit Chicago Brief, #3 Exhibit Brady Center Brief)(Saindon, Andrew) (Entered: 05/24/2012) |
| 05/24/2012 | 34 | | MOTION to Strike 33 Supplemental Memorandum, by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: #1 Text of Proposed Order, #2 Exhibit A, Plaintiffs' Br., Moore v. Madigan, 7th Cir. 12–1269, #3 Exhibit B, Plaintiffs' Br., Shepard v. Madigan, 7th Cir. No. 12–1788, #4 Exhibit C, NRA Amicus Br., Shepard v. Madigan, 7th Cir. 12–1788, #5 Exhibit D, Reply Br., Moore v. Madigan, 7th Cir. No. 12–1269, #6 Exhibit E, Reply Br., Shepard v. Madigan, 7th Cir. No. 12–1788)(Gura, Alan) (Entered: 05/24/2012) |
| 05/29/2012 | 35 | | Memorandum in opposition to re 34 MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Attachments: #1 Text of Proposed Order)(Saindon, Andrew) (Entered: 05/29/2012) |

| 05/29/2012 | 36 | | REPLY to opposition to motion re 34 MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, MOTION to Strike 33 Supplemental Memorandum, filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 05/29/2012) |
|---|---|---|---|
| 06/11/2012 | 37 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: US v. Garvin)(Gura, Alan) (Entered: 06/11/2012) |
| 07/23/2012 | | | MOTION SCHEDULING NOTICE as to 6 MOTION for Summary Judgment ; 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum,. Motion Hearing set for 8/27/2012 10:00 AM in a courtroom to be determined at a later date before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/23/2012) |
| 07/25/2012 | | | RESCHEDULING NOTICE TIME CHANGE ONLY re: 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Hearing remains set for 8/27/2012 and the time is changed to 03:30 PM before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 07/25/2012) |
| 08/16/2012 | | | MOTION RESCHEDULING NOTICE as to 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Due to a change in the Court's calendar the Motion Argument set 8/27/2012 is reset for 8/29/2012 10:00 AM before Judge Frederick J. Scullin Jr.. (Scullin, Frederick) (Entered: 08/16/2012) |
| 08/20/2012 | | | TEXT SCHEDULING NOTICE CANCELLING ORAL ARGUMENT for 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Argument set for 8/29/2012 before Judge Frederick J. Scullin Jr. is adjourned without date due to a conflict in the Court's calendar. Counsel will be notified when future dates become available. The motion remains on submit. (Scullin, Frederick) (Entered: 08/20/2012) |
| 08/30/2012 | | | MOTION RESCHEDULING NOTICE as to 6 MOTION for Summary Judgment, 5 MOTION for Summary Judgment, 34 MOTION to Strike 33 Supplemental Memorandum. Motion Argument reset for 10/1/2012 10:30 AM before Judge Frederick J. Scullin Jr. at the US Courthouse in Washington, DC. Courtroom location to be announced at a later date. (Scullin, Frederick) (Entered: 08/30/2012) |
| 09/19/2012 | | | Courtroom Designation for October 1, 2012. All counsel please report to Courtroom 17. (Scullin, Frederick) (Entered: 09/19/2012) |
| 10/01/2012 | | | Minute Entry; Proceedings held before Judge Frederick J. Scullin, Jr: Motion Hearing held on 10/1/2012. Taken Under Advisement: 5 MOTION for Summary Judgment filed by SECOND AMENDMENT FOUNDATION, INC., GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, 6 Cross–MOTION for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment filed by DISTRICT OF COLUMBIA, CATHY LANIER, 34 MOTION to Strike 33 Supplemental Memorandum, filed by SECOND AMENDMENT FOUNDATION, INC., GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, (Court Reporter Patricia Kaneshiro–Miller.) (hs) (Entered: 10/01/2012) |
| 10/01/2012 | 38 | | SUPPLEMENTAL MEMORANDUM to re 5 MOTION for Summary Judgment filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 10/01/2012) |

| 10/04/2012 | 39 | | RESPONSE re 38 Supplemental Memorandum filed by DISTRICT OF COLUMBIA, CATHY LANIER. (Saindon, Andrew) (Entered: 10/04/2012) |
|---|---|---|---|
| 10/04/2012 | 40 | | REPLY to 39 Defendants' Response re standing filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 10/04/2012) |
| 10/26/2012 | | | Courtroom Designation for November 1, 2012 10:30am. All counsel please report to Courtroom #17. (Scullin, Frederick) (Entered: 10/26/2012) |
| 10/26/2012 | | | NOTICE TO COUNSEL: Please disregard courtroom designation notice. Notice was entered in error. (Scullin, Frederick) (Entered: 10/26/2012) |
| 12/04/2012 | 41 | | NOTICE OF SUPPLEMENTAL AUTHORITY by DISTRICT OF COLUMBIA, CATHY L. LANIER (Saindon, Andrew) (Entered: 12/04/2012) |
| 12/05/2012 | 42 | | MEMORANDUM re 41 NOTICE OF SUPPLEMENTAL AUTHORITY filed by CATHY L. LANIER, DISTRICT OF COLUMBIA by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 12/05/2012) |
| 12/11/2012 | 43 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Moore v. Madigan)(Gura, Alan) (Entered: 12/11/2012) |
| 08/09/2013 | 44 | | MOTION to Expedite by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support)(Gura, Alan) (Entered: 08/09/2013) |
| 09/12/2013 | 45 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: People v. Aguilar, 2013 IL 112116)(Gura, Alan) (Entered: 09/12/2013) |
| 09/26/2013 | 46 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Conley v. U.S., D.C. Ct. of Appeals No. 11−CF−589)(Gura, Alan) (Entered: 09/26/2013) |
| 12/02/2013 | 47 | | NOTICE of Change of Address by Alan Gura (Gura, Alan) (Entered: 12/02/2013) |
| 01/11/2014 | 48 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Morris v. U.S. Army Corps of Engineers)(Gura, Alan) (Entered: 01/11/2014) |
| 02/18/2014 | 49 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Gura, Alan) (Entered: 02/18/2014) |
| 03/31/2014 | 50 | | TEXT ORDER denying 34 Motion to Strike 33 Supplemental Memorandum.IT IS SO ORDERED by Judge Frederick J. Scullin, Jr on 3/31/2014. (Scullin, Frederick) (Entered: 03/31/2014) |
| 07/26/2014 | 51 | 15 | MEMORANDUM DECISION and ORDER granting 5 Plaintiffs' Motion for Summary Judgment; denying 6 Defendants' Cross−Motion for Summary Judgment.. Signed by Judge Frederick J. Scullin, Jr on 7/24/2014. (Scullin, Frederick) (Entered: 07/26/2014) |

| 07/28/2014 | 52 | | MOTION to Stay re 51 Order on Motion for Summary Judgment, by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order, # 3 Text of Proposed Order)(Saindon, Andrew) (Entered: 07/28/2014) |
|---|---|---|---|
| 07/29/2014 | 53 | | ORDER granting 52 MOTION to Stay pending appeal re 51 Order on Motion for Summary Judgment. The stay is granted to the extent that the Court's 51 Order is stayed nunc pro tunc for 90 days, until 10/22/2014. Pltf shall file response in opposition by 8/4/2014. Reply due 8/11/2014.. Signed by Judge Frederick J. Scullin, Jr on 7/29/2014. (Scullin, Frederick) (Entered: 07/29/2014) |
| 07/29/2014 | 54 | 34 | CLERK'S JUDGMENT in favor of Plaintiffs against Defendants Signed by Michelle Moon, Deputy Clerk on 7/29/2014. (zmm, ) (Entered: 07/29/2014) |
| 07/29/2014 | 55 | | Consent MOTION for Extension of Time to *file Reply* by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 07/29/2014) |
| 08/04/2014 | 56 | | Consent MOTION for Extension of Time to *File Motion for Attorney Fees and Expenses* by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Gura, Alan) (Entered: 08/04/2014) |
| 08/04/2014 | 57 | | Memorandum in opposition to re 52 MOTION to Stay re 51 Order on Motion for Summary Judgment, filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Text of Proposed Order)(Gura, Alan) (Entered: 08/04/2014) |
| 08/05/2014 | 58 | | TEXT ORDER granting 55 Motion for Extension of Time to file a Reply to Response to 52 Motion to Stay until 8/18/2014.. IT IS SO ORDERED by Judge Frederick J. Scullin, Jr on 8/5/2014. (Scullin, Frederick) (Entered: 08/05/2014) |
| 08/05/2014 | | | Reset Deadlines as to 56 Consent MOTION for Extension of Time to *File Motion for Attorney Fees and Expenses*. Replies due by 8/18/2014. (Scullin, Frederick) (Entered: 08/05/2014) |
| 08/12/2014 | 59 | | MOTION for Attorney Fees by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Alan Gura, # 3 Text of Proposed Order, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8)(Gura, Alan) (Entered: 08/12/2014) |
| 08/18/2014 | 60 | | REPLY to opposition to motion re 52 MOTION to Stay re 51 Order on Motion for Summary Judgment, filed by DISTRICT OF COLUMBIA, CATHY L. LANIER. (Saindon, Andrew) (Entered: 08/18/2014) |
| 08/19/2014 | 61 | | BILL OF COSTS by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Gura, Alan) (Entered: 08/19/2014) |
| 08/19/2014 | | | TEXT NOTICE TO COUNSEL FROM COURT: Objections to the # 61 Bill of Costs due by 9/3/2014. (Scullin, Frederick) (Entered: 08/19/2014) |
| 08/25/2014 | 62 | | Consent MOTION for Extension of Time to *File Opposition to Motion for Attorney Fees and Costs* by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 08/25/2014) |

| 08/25/2014 | 63 | | MOTION for Reconsideration re 51 Order on Motion for Summary Judgment, by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 08/25/2014) |
|---|---|---|---|
| 08/26/2014 | 64 | | TEXT ORDER: Granting the # 62 Motion for Extension of Time to File Opposition to the # 59 Motion for Attorney Fees and Costs. Opposition due 9/29/2014. IT IS SO ORDERED by Judge Frederick J. Scullin, Jr on 8/26/2014. (Scullin, Frederick) (Entered: 08/26/2014) |
| 09/11/2014 | 65 | | Memorandum in opposition to re 63 MOTION for Reconsideration re 51 Order on Motion for Summary Judgment, filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: # 1 Text of Proposed Order)(Gura, Alan) (Entered: 09/11/2014) |
| 09/17/2014 | 66 | | ORDER: The Court hereby ORDERS that Defendants' # 52 MOTION to Stay is DENIED; however, the Court will entertain a motion to extend the stay beyond October 22, 2014. If Defendants wish to make such a motion, they must file papers in support of that motion on or before 10/3/2014, setting forth in detail what, if any, progress they have made to comply with the Court's decision. Plaintiffs may file any opposition that they have to Defendants' motion on or before 10/10/2014. If Defendants file such a motion, the Court will hear oral argument in support of, and in opposition to, said motion on 10/17/2014 at 10:30 AM. The Court further ORDERS that the Court will hear oral argument in support of, and in opposition to, Defendants' # 63 MOTION for Reconsideration on 10/17/2014 at 10:30 AM. Signed by Judge Frederick J. Scullin, Jr. on 9/17/2014. (Scullin, Frederick) (Entered: 09/17/2014) |
| 09/22/2014 | 67 | | REPLY to opposition to motion re 63 MOTION for Reconsideration re 51 Order on Motion for Summary Judgment, filed by DISTRICT OF COLUMBIA, CATHY L. LANIER. (Saindon, Andrew) (Entered: 09/22/2014) |
| 09/23/2014 | | | Set/Reset Hearings: Motion Hearing set for 10/17/2014 10:30 AM in A courtroom will be determined at a later date. before Judge Frederick J. Scullin Jr.. (zmm, ) (Entered: 09/23/2014) |
| 09/25/2014 | 68 | | Consent MOTION to Stay *Briefing on Attorney Fees* by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Text of Proposed Order)(Saindon, Andrew) (Entered: 09/25/2014) |
| 09/25/2014 | 69 | | ORDER: Granting Defendant's # 68 Consent Motion to Stay Briefing on Attorney Fees. Signed by Judge Frederick J. Scullin, Jr. on 9/25/2014. (Scullin, Frederick) (Entered: 09/25/2014) |
| 09/26/2014 | 70 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Binderup v. Holder)(Gura, Alan) (Entered: 09/26/2014) |
| 10/02/2014 | 71 | | MOTION for Permanent Injunction by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, Enrolled Original D.C. Bill B20–0926, # 3 Text of Proposed Order)(Gura, Alan) (Entered: 10/02/2014) |
| 10/16/2014 | 72 | | NOTICE OF SUPPLEMENTAL AUTHORITY by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC. (Attachments: # 1 Exhibit A: Morris v. U.S. Army Corps of Engineers)(Gura, Alan) (Entered: 10/16/2014) |
| 10/17/2014 | | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for Motion Hearing held before Judge Frederick J. Scullin, Jr. on 10/17/14 : Defendants' Motion for Reconsideration 63 , heard, argued and denied. The Court will issued a written opinion. Oral Argument on Plaintiffs' Motion for Permanent Injunction 71 set for 11/20/14 at 11:00 AM in Courtroom 21. (Court Reporter : Bowles Reporting Service – Ctrm. 5; FTR Time Frame: 10:33:29 – 11:04:03) (kk) (Entered: 10/17/2014) |
| 10/20/2014 | 73 | | Memorandum in opposition to re 71 MOTION for Permanent Injunction filed by DISTRICT OF COLUMBIA, CATHY L. LANIER. (Attachments: # 1 Exhibit copy of enrolled versions of legislation, # 2 Text of Proposed Order)(Saindon, Andrew) (Entered: 10/20/2014) |
| 10/30/2014 | 74 | | REPLY to opposition to motion re 71 MOTION for Permanent Injunction filed by GEORGE LYON, AMY MCVEY, TOM G. PALMER, EDWARD RAYMOND, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: # 1 Exhibit A Application, # 2 Exhibit B Instructions, # 3 Declaration of Tom Palmer, # 4 Declaration of Amy McVey, # 5 Declaration of Edward Raymond, # 6 Declaration of George Lyon)(Gura, Alan) (Entered: 10/30/2014) |
| 11/06/2014 | 75 | 35 | MEMORANDUM–DECISION AND ORDER: The Court hereby ORDERS that Defendants' # 63 Motion for Reconsideration of the Court's 7/26/2014 Memorandum–Decision and Order is DENIED. Signed by Judge Frederick J. Scullin, Jr. on 11/6/2014. (Scullin, Frederick) (Entered: 11/06/2014) |
| 11/14/2014 | 76 | 11 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 53 Order, 51 Order on Motion for Summary Judgment, 75 Order on Motion for Reconsideration, 54 Clerk's Judgment by DISTRICT OF COLUMBIA, CATHY L. LANIER. Fee Status: No Fee Paid. Parties have been notified. (Saindon, Andrew) (Entered: 11/14/2014) |
| 11/14/2014 | 77 | | NOTICE *of filing of appeal and suggestion of lack of jurisdiction* by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Exhibit Notice of Appeal)(Saindon, Andrew) (Entered: 11/14/2014) |
| 11/14/2014 | 78 | 13 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 51 Order on Motion for Summary Judgment, 75 Order on Motion for Reconsideration, 54 Clerk's Judgment by DISTRICT OF COLUMBIA, CATHY L. LANIER. Fee Status: No Fee Paid. Parties have been notified. (Saindon, Andrew) (Entered: 11/14/2014) |
| 11/14/2014 | 79 | | NOTICE *of filing of corrected appeal and suggestion of lack of jurisdiction* by DISTRICT OF COLUMBIA, CATHY L. LANIER (Attachments: # 1 Exhibit Corrected Notice of Appeal)(Saindon, Andrew) (Entered: 11/14/2014) |
| 11/17/2014 | | | TEXT SCHEDULING NOTICE: A Telephone Conference is set for 11/19/2014 at 10:00 AM before Judge Frederick J. Scullin Jr. Plaintiff's attorney is directed to coordinate with opposing counsel and initiate the call to Chambers. (Scullin, Frederick) (Entered: 11/17/2014) |

## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **TOM G. PALMER,** *et al.* | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-01482 (FJS)** |
| | ) | |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## NOTICE OF APPEAL

Notice is hereby given on this 14th day of November, 2014, that the defendants appeal to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum-Decision and Order (Docket No. 54) and final judgment of this Court (Scullin, J.) entered respectively on the 26th and 29th day of July, 2014, granting plaintiffs' motion for summary judgment and denying the defendants' motion for summary judgment. The defendants also appeal from the Memorandum-Decision and Order of this Court entered on the 6th day of November, 2014 (Docket No. 75), denying the defendants' motion for reconsideration, and all other orders merged therein or in the final judgment.


DATE: November 14, 2014          Respectfully submitted,

                                 IRVIN B. NATHAN
                                 Attorney General for the District of Columbia


                                 ELLEN A. EFROS
                                 Deputy Attorney General
                                 Public Interest Division

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov

Serve:      Alan Gura, Esq.
            Gura & Possessky, PLLC
            105 Oronoco Street, Suite 305
            Alexandria, VA 22314

## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF COLUMBIA

_____
)
**TOM G. PALMER**, *et al.*                                    )
                                                              )
             **Plaintiffs**,                              )
                                                              )
        **v.**                                          )          **Civil Action No. 09-01482 (FJS)**
                                                              )
**DISTRICT OF COLUMBIA**, *et al.*,                       )
                                                              )
           **Defendants.**                            )
_____)

## CORRECTED NOTICE OF APPEAL

Notice is hereby given on this 14th day of November, 2014, that the defendants appeal to the United States Court of Appeals for the District of Columbia Circuit from the Memorandum-Decision and Order (Docket No. 51) and final judgment (Docket No. 54) of this Court (Scullin, J.) entered respectively on the 26th and 29th day of July, 2014, granting plaintiffs' motion for summary judgment and denying the defendants' motion for summary judgment. The defendants also appeal from the Memorandum-Decision and Order of this Court entered on the 6th day of November, 2014 (Docket No. 75), denying the defendants' motion for reconsideration, and all other orders merged therein or in the final judgment.

DATE: November 14, 2014        Respectfully submitted,

                                    IRVIN B. NATHAN
                                    Attorney General for the District of Columbia

                                    ELLEN A. EFROS
                                    Deputy Attorney General
                                    Public Interest Division

_____/s/ Andrew J. Saindon_____
ANDREW J. SAINDON, D.C. Bar No. 456987
Senior Assistant Attorney General
Equity Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 730-1470
E-mail: andy.saindon@dc.gov


Serve:       Alan Gura, Esq.
             Gura & Possessky, PLLC
             105 Oronoco Street, Suite 305
             Alexandria, VA 22314

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
_____

**TOM G. PALMER, GEORGE LYON,**
**EDWARD RAYMOND, AMY MCVEY,**
**and SECOND AMENDMENT FOUNDATION,**
**INC.,**

                                         **Plaintiffs,**

              **v.**                                              **1:09-CV-1482**
                                                                       **(FJS)**

**DISTRICT OF COLUMBIA and**
**CATHY LANIER,**

                                         **Defendants.**
_____

**APPEARANCES**                               **OF COUNSEL**

**GURA & POSSESSKY, PLLC**              **ALAN GURA, ESQ.**
101 North Columbus Street, Suite 405
Alexandria, Virginia 22314
Attorneys for Plaintiffs

**OFFICE OF THE ATTORNEY**             **ANDREW J. SAINDON, ESQ.**
**GENERAL FOR THE DISTRICT**
**OF COLUMBIA**
441 Fourth Street, N.W.
6th Floor South
Washington, D.C. 20001
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Plaintiffs' motion for summary judgment and Defendants'

cross-motion for summary judgment.

## II. BACKGROUND

In their complaint, Plaintiffs assert two claims for relief.  In their first claim, Plaintiffs allege that, "[b]y requiring a permit to carry a handgun in public, yet refusing to issue such permits and refusing to allow the possession of any handgun that would be carried in public, Defendants maintain a complete ban on the carrying of handguns in public by almost all individuals."  *See* Dkt. No. 1, Complaint at ¶ 39.  Plaintiffs also contend that "Defendants' laws, customs, practices and policies generally banning the carrying of handguns in public violate the Second Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983."  *See id.* at ¶ 40.

In their second claim for relief, Plaintiffs allege that "Defendants' laws, customs, practices and policies generally refusing the registration of firearms by individuals who live outside the District of Columbia violate the rights to travel and equal protection secured by the Due Process Clause of the Fifth Amendment to the United States Constitution, facially and as applied against the individual plaintiffs in this action, damaging plaintiffs in violation of 42 U.S.C. § 1983."  *See id.* at ¶ 42.

Plaintiffs seek relief in the form of an Order permanently enjoining Defendants, "their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing D.C. Code § 7-2502.02(a)(4) to ban registration of handguns to be carried for self-defense by law-abiding citizens[.]"  *See id.* at WHEREFORE Clause.  Furthermore, Plaintiffs seek an Order permanently enjoining Defendants, "their officers, agents, servants, employees, and all persons in active concert or

participation with them who receive actual notice of the injunction, from enforcing D.C. Code

§ 22-4504(a), OR, in the alternative, ordering [D]efendants to issue licenses to carry handguns to

all individuals who desire such licenses and who have satisfied the existing requirements, aside

from residence requirements, for the registration of a handgun[.]"  *See id.*  Finally, Plaintiffs seek

an Order permanently enjoining Defendants, "their officers, agents, servants, employees, and all

persons in active concert or participation with them who receive actual notice of the injunction,

from denying firearm registration and handgun carry permit applications made by otherwise

qualified individuals on account of lack of residence within the District of Columbia[.]"  *See id.*[1]

The parties do not dispute the basic facts that underlie this action.  D.C. Code § 7-

2502.01(a) provides that "no persons or organization in the District shall possess or control any

firearm, unless the persons or organization holds a valid registration certificate for the firearm."

D.C. Code § 7-2502.02(a)(4) provides that individuals who are not retired police officers may

only register a handgun "for use in self-defense within that person's home."  Pursuant to this

statutory limitation, Defendants distribute handgun registration application forms requiring

applicants to "give a brief statement of your intended use of the firearm and where the firearm

will be kept."

Defendants maintain a custom, practice and policy of refusing to entertain gun

registration applications by individuals who do not reside in the District of Columbia.

Defendants require gun registration applicants to submit "[p]roof of residency in the District of

Columbia (e.g., a valid DC operator's permit, DC vehicle registration card, lease agreement for a

---

[1] Plaintiffs also seek costs of the suit, including attorney fees and costs under 42 U.S.C. § 1988 and declaratory relief consistent with the injunction.  *See* Complaint at WHEREFORE Clause

residence in the District, the deed to your home or other legal document showing DC residency."

A first violation of the District of Columbia's ban on the ownership or possession of unregistered

handguns is punishable as a misdemeanor by a fine of up to $1,000, imprisonment of up to five

years, or both.  *See* D. C. Code § 7-2507.06.

D.C. Code § 22-4504(a) provides that "[n]o person shall carry within the District of

Columbia either openly or concealed on or about their person, a pistol, without a license issued

pursuant to District of Columbia law, or any deadly or dangerous weapon capable of being so

concealed."  The first violation of this section by a non-felon is punishable by a fine up to $5,000

and imprisonment of up to five years.

Former D.C. Code § 22-4506 empowered the District of Columbia's police chief to issue

licenses to carry handguns to individuals, including to individuals not residing in the District of

Columbia.  However, it was Defendant District of Columbia's policy for many years not to issue

such licenses.  On December 16, 2008, the District of Columbia's City Council and Mayor

repealed the Police Chief's authority to issue handgun carry licenses.  Accordingly, the District of

Columbia lacks any mechanism to issue handgun carry licenses to individuals.

Plaintiff Palmer, a resident of the District, would carry a functional handgun in public for

self-defense but refrains from doing so because he fears arrest, prosecution, fine, and

imprisonment as he does not possess a license to carry a handgun.  Plaintiff Palmer sought to

register a handgun in the District of Columbia so that he might carry it for self-defense.  On or

about May 12, 2009, Defendant Lanier denied Plaintiff Palmer's application to register a handgun

for the following reason:

The intended use of the firearm as stated on your firearms

-4-

> registration application, "I intend to carry this firearm, loaded, in
> public, for self-defense, when not kept in my home" is
> unacceptable per the "Firearms Registration Emergency
> Amendment Act of 2008," which states that pistols may only be
> registered by D.C. residents for protection within the home.

Defendant Lanier subsequently approved Plaintiff Palmer's application to register the handgun for home self-defense.

Plaintiff George Lyon, a resident of the District, would carry a functional handgun in public for self-defense but refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he does not possess a license to carry a handgun in Washington, D.C.  Plaintiff Lyon is licensed to carry handguns in the states of Virginia, Utah, and Florida.  He has approximately 240 hours of firearms training, of which approximately 140 hours relate specifically to handguns.  Plaintiff Lyon sought to register a handgun in the District of Columbia so that he might carry it for self-defense.  On or about April 8, 2009, Defendant Lanier denied Plaintiff Lyon's application to register a handgun for the following reason:

> The intended storage and use of the firearm as stated on your
> firearms registration application, "carrying personal protection,
> keep at home or office" is unacceptable per the "Firearms
> Registration Emergency Amendment Act of 2008," which states
> that pistols may only be registered by D.C. residents for protection
> within the home.

Defendant Lanier subsequently approved Plaintiff Lyon's application to register the handgun for home self-defense.

At the time Plaintiffs filed this action, Plaintiff Raymond was not a resident of the District, was enrolled as a student in the Franklin Pierce Law Center in New Hampshire, was employed as a Patent Examiner and owned a home in Waldorf, Maryland.  Plaintiff Raymond

-5-

holds a Master of Business Administration degree as well as a Master of Science degree in Electrical Engineering. He has started various successful businesses and is an honorably discharged Navy veteran.

On April 6, 2007, District of Columbia Police stopped Plaintiff Raymond for allegedly speeding. At that time, Plaintiff Raymond held valid permits to carry a handgun issued by the states of Maryland and Florida and still holds those permits. Although Plaintiff Raymond was never charged with a traffic violation, he was charged with carrying a pistol without a license because his loaded handgun was located in his car's center console. Plaintiff Raymond subsequently pled guilty to misdemeanor possession of an unregistered firearm and unregistered ammunition. He successfully completed a sentence of probation.

Plaintiff Raymond would carry a functional handgun in public for self-defense while visiting and traveling through the District of Columbia but refrains from doing so because he fears another arrest and prosecution as well as fine and imprisonment as he does not possess a license to carry a handgun in the District of Columbia. On June 26, 2009, Plaintiff Raymond sought to register a handgun in the District of Columbia, but he was refused an application form because of his lack of residence in the District.

Plaintiff Amy McVey, a resident of the District, would carry a functional handgun in public for self-defense but refrains from doing so because she fears arrest, prosecution, fine, and imprisonment as she does not possess a license to carry a handgun in the District of Columbia. Plaintiff McVey is licensed by the state of Virginia to publicly carry a handgun.

Plaintiff McVey sought to register a handgun in the District of Columbia so that she could carry it for self-defense. On July 7, 2009, Defendant Lanier denied her application to register a

handgun for the following reason:

> The intended storage and use of the firearm as stated on your firearms registration application, "I intend to carry the loaded firearm in public for self-defense when not stored in my home" is unacceptable per the "Firearms Registration Emergency Amendment Act of 2008," which states that pistols may only be registered by D.C. residents for protection within the home.

Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.  SAF has more than 650,000 members and supporters nationwide, including in the District of Columbia.  The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms and the consequences of gun control.  SAF expends its resources encouraging the exercise of the right to bear arms and advising and educating its members, supporters, and the general public about the law with respect to carrying handguns in the District of Columbia.  The issues raised by, and consequences of, Defendants' policies are of great interest to SAF's constituency.  Defendants' policies regularly cause SAF to expend resources as people turn to it for advice and information.  Defendants' policies bar the members and supporters of SAF from obtaining permits to carry handguns.

### III. DISCUSSION

The Supreme Court's decisions in *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), direct the Court's analysis of Plaintiffs' claims.  In *Heller*, the plaintiffs mounted a Second Amendment challenge to a District of

Columbia law that "totally ban[ned] handgun possession in the home" and "require[d] that any lawful firearm in the home be disassembled or bound by a trigger lock[.]"  *Heller*, 554 U.S. at 603, 628.  The validity of the challenged measures depended, as a preliminary matter, on whether the Second Amendment codified an individual right or a collective right.  *See id.* at 577.  After consulting the text's original public meaning, the Court concluded that the Second Amendment codified a pre-existing, individual right to keep and bear arms and that the "central component of the right" was self-defense.  *See id.* at 592, 599.  Furthermore, the Court held that, because "the need for defense of self, family, and property is most acute in the home," the D.C. ban on the home use of handguns    "the most preferred firearm in the nation"    failed "constitutional muster" under any standard of heightened scrutiny.  *Id.* at 628-29 & n.27.  The same was true for the trigger-lock requirement.  *See id.* at 635.  The *Heller* Court concluded that it did not need to "undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment" to dispose of the case.  *Id.* at 626.  Nor did the Court have a reason to specify, for future cases, which burdens on the Second Amendment right triggered which standards of review, or whether a tiered-scrutiny approach was even appropriate in the first place.  *See id.* at 628-29.  By any measure, the Court found that the District of Columbia statute overreached.

Two years later, in *McDonald*, the Court evaluated a similar handgun ban that the City of Chicago had enacted.  The question presented in *McDonald*, however, was not whether the ban infringed the Chicago's residents' Second Amendment rights, but, rather, whether a state government could even be subject to the strictures of the Second Amendment.  The answer to that question depended on whether the right was "'deeply rooted in this Nation's history and tradition'" and "fundamental to *our* scheme of ordered liberty[.]"  *McDonald*, 130 S. Ct. at 3036.

-8-

The Court stated that its "decision in *Heller* point[ed] unmistakably to the answer." *Id.*  The Court explained that self-defense, recognized since ancient times as a "basic right," was the "central component" of the Second Amendment guarantee.  *Id.*  Thus, the Court concluded that that right restricted not only the federal government but, under the Fourteenth Amendment, also the states.  *See id.* at 3026.  Having reached that conclusion, the Court remanded the case to the Seventh Circuit for an analysis of whether, in light of *Heller*, the Chicago handgun ban infringed the Second Amendment right.  *See id.* at 3050.

Neither *Heller* nor *McDonald* speaks explicitly or precisely to the scope of the Second Amendment right outside the home or to what it takes to "infringe" that right.  However, both opinions, at the very least, "point[] in a general direction."  *Ezell v. City of Chicago*, 651 F.3d 684, 700 (7th Cir. 2011) (noting that *Heller* does not leave the court "without a framework for how to proceed").  As the Ninth Circuit recently noted in *Peruta v. Cnty. of San Diego*, 742 F.3d 1144 (9th Cir. 2014),[2] which addressed statutes very similar to the ones at issue in this case,

> [t]o resolve the challenge to the D.C. restrictions, the *Heller* majority described and applied a certain methodology: it addressed, first, whether having operable handguns in the home amounted to "keep[ing] and bear[ing] Arms" within the meaning of the Second Amendment and, next, whether the challenged laws, if they indeed

_____

[2] The *Peruta* court addressed the issue of "whether a responsible, law-abiding citizen has a right under the Second Amendment to carry a firearm in public for self-defense."  *Peruta*, 742 F.3d at 1147.  As a preliminary matter, the court noted that "California generally prohibits the open or concealed carriage of a handgun, whether loaded or unloaded, in public locations."  *Id.* (citations and footnote omitted).  However, an individual could apply for a license to carry a concealed weapon in the city or county in which he worked or resided.  *See id.* at 1148 (citations omitted).  To obtain such a license, however, an applicant had to meet several requirements, including a demonstration of good moral character, completion of a specified training course, and establishing good cause.  *See id.* (citations omitted).  The plaintiff challenged San Diego County's procedures for obtaining a concealed-carry license, in particular its definition of the term "good cause."  *See id.*

did burden constitutionally protected conduct, "infringed" the right.

*Id.* at 1150.[3]

In analyzing the issues in this case, the Court must apply the two-step approach that the District of Columbia Circuit set forth in *Heller v. Dist. of Columbia (Heller II)*, 670 F.3d 1244 (D.C. Cir. 2011). The first question requires this Court to decide whether the restricted activity, in this case, a restriction on a responsible, law-abiding citizen's ability to carry a gun outside the home for self-defense falls within the Second Amendment right to keep and bear arms for the purpose of self defense. *See Peruta*, 742 F.3d at 1150 (citing *Ezell*, 651 F.3d at 701; *Kachalsky v. City of Westchester*, 701 F.3d 81, 90 (2d Cir. 2012)). To determine the precise methods by which that right's scope is discerned, the Supreme Court has directed, in both *Heller* and *McDonald*, that courts must consult "both text and history." *Heller*, 554 U.S. at 595, *McDonald*, 130 S. Ct. at 3047).

As the Court noted in *Heller*, "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Heller*, 554 U.S. at 634-35. To arrive at the original understanding of the right, "we are guided by the principle that '[t]he Constitution was written to be understood by the voters; its words and phrases were used in their normal and ordinary as distinguished from technical meaning'" unless evidence suggests that the language

---

[3] As the *Peruta* court noted, several other circuit courts have also applied this two-step inquiry. *See Peruta*, 742 F.3d at 1150 (citing *United States v. Chovan*, 735 F.3d 1127, 1136 (9th Cir. 2013); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 194 (5th Cir. 2012); *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012); *Ezell*, 651 F.3d at 701-04; *United States v. Chester*, 628 F.3d 673, 680 (4th Cir. 2010); *United States v. Reese*, 627 F.3d 792, 800-01 (10th Cir. 2010); *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010)).

was used idiomatically.  *Id.* at 576 (quoting *United States v. Sprague*, 282 U.S. 716, 731, 51 S. Ct. 220, 75 L. Ed. 640 (1931)) (other citation omitted).  "Of course, the necessity of this historical analysis presupposes what *Heller* makes explicit: the Second Amendment right is 'not unlimited.'"  *Peruta*, 742 F.3d at 1151 (quoting [*Heller*, 554 U.S.] at 595, 128 S. Ct. 2783). Furthermore, "[i]t is 'not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose.'"  *Id.* (quoting [*Heller*, 554 U.S.] at 626, 128 S. Ct. 2783). "Rather, it is a right subject to 'traditional restrictions,' which themselves    and this is a critical point    tend 'to show the scope of the right.'"  *Id.* (quoting *McDonald*, 130 S. Ct. at 3056 (Scalia, J., concurring)) (citing *Kachalsky*, 701 F.3d at 96; *Nat'l Rifle Ass'n of Am.*, 700 F.3d at 196 ("For now, we state that a longstanding presumptively lawful regulatory measure . . . would likely [burden conduct] outside the ambit of the Second Amendment."); *United States v. Skoien*, 614 F.3d 638, 640 (7th Cir. 2010) (en banc) ("That some categorical limits are proper is part of the original meaning.")).

As the court noted in *Peruta*, "[t]he Second Amendment secures the right not only to 'keep' arms but also to '*bear*' them[,]" *Peruta*, 742 F.3d at 1151; and, as the Supreme Court explained in *Heller*, "[a]t the time of the founding, as now, to 'bear' meant to 'carry[,]'" *Heller*, 554 U.S. at 584.  "Yet, not 'carry' in the ordinary sense of 'convey[ing] or transport[ing]' an object, as one might carry groceries to the check-out counter or garments to the laundromat, but 'carry for a particular purpose    confrontation.'"  *Peruta*, 742 F.3d at 1151-52 (quoting [*Heller*, 554 U.S. at 584]).  According to the *Heller* majority, the "natural meaning of 'bear arms'" was the one that Justice Ginsburg provided in her dissent in *Muscarello v. United States*, 524 U.S. 125 (1998), that is "'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the

-11-

purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with

another person.'" *Heller*, 554 U.S. at 584 (quoting *Muscarello*, 524 U.S. at 143, 118 S. Ct. 1911)

(Ginsburg, J., dissenting) (quoting *Black's Law Dictionary* 214 (6th ed. 1998)).

Furthermore, "'bearing a weapon inside the home' does not exhaust this definition of

'carry.' For one thing, the very risk occasioning such carriage, 'confrontation,' is 'not limited to

the home.'" *Peruta*, 742 F.3d at 1152 (quoting *Moore v. Madigan*, 702 F.3d 933, 936 (7th Cir.

2012)). Moreover, it is beyond dispute that "the prospect of conflict    at least, the sort of conflict

for which one would wish to be 'armed and ready'    is just as menacing (and likely more so)

beyond the front porch as it is in the living room." *Id.* Thus, "'[t]o speak of "bearing" arms

within one's home would at all times have been an awkward usage.'" *Id.* (quotation omitted). In

addition, the *Heller* Court stated that the Second Amendment secures "the right to 'protect[]

[oneself] against both *public* and private violence,' . . . thus extending the right in some form to

wherever a person could become exposed to public or private violence." *United States v.*

*Masciandaro*, 638 F.3d 458, 467 (4th Cir. 2011) (Niemeyer, J., specially concurring) (quoting

[*Heller*, 128 S. Ct.] at 2798, 2799). Moreover, the *Heller* Court emphasized that the need for the

right was "most acute" in the home, *Peruta*, 742 F.3d at 1153 (citing *Heller*, 554 U.S. at 628, 128

S. Ct. 2783), "thus implying that the right exists outside the home, though the need is not always

as "'acute.'" *Id.* (citing *McDonald*, 130 S. Ct. at 3044 (2010) ("[T]he Second Amendment

protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense

within the home.")). However, *Heller* also pointed out that "laws forbidding the carrying of

firearms in sensitive places such as schools and government buildings" is presumptively lawful.

*Heller*, 554 U.S. at 626. Finally, "both *Heller* and *McDonald* identif[ied] the 'core component' of

the right as self-defense, which necessarily 'take[s] place wherever [a] person happens to be,' whether in a back alley or on the back deck." *Peruta*, 742 F.3d at 1153 (citing *Moore*, 702 F.3d at 937 ("To confine the right to be armed to the home is to divorce the Second Amendment from the right of self-defense described in *Heller* and *McDonald*.")) (other citation omitted).

This Court agrees with the Ninth Circuit's statement in *Peruta* that "[t]hese passages alone, though short of dispositive, strongly suggest that the Second Amendment secures a right to carry a firearm in some fashion outside the home." *Peruta*, 742 F.3d at 1153. "Reading those lines in light of the plain meaning definition of 'bear Arms' elucidated above makes matters even clearer; the Second Amendment right 'could not rationally have been limited to the home.'" *Id.* (quoting *Moore*, 702 F.3d at 936). Although "people may 'keep Arms' (or, per *Heller*'s definition, 'have weapons,' 554 U.S. at 582, 128 S. Ct. 2783), in the home for defense of self, family, and property, they are more sensibly said to 'bear Arms' (or, *Heller*'s gloss: 'carry [weapons] . . . upon the person or in the clothing or in a pocket,' *id.* at 584, 128 S. Ct. 2783) in *nondomestic* settings." *Id.* (citing *Kachalsky*, 701 F.3d at 89 n.10 ("The plain text of the Second Amendment does not limit the right to bear arms to the home."); *Drake v. Filko*, 724 F.3d 426, 444 (3d Cir. 2013) (Hardiman, J., dissenting) ("To speak of 'bearing' arms solely within one's home not only would conflate 'bearing' with 'keeping,' in derogation of the Court's holding that the verbs codified distinct rights, but also would be awkward usage given the meaning assigned the terms by the Supreme Court.")) (footnote omitted).

In addition to the textual analysis of the phrase "bear Arms," the Court in *Heller* looked to the original public understanding of the Second Amendment right as evidence of its scope and meaning, relying on the "important founding-era legal scholars." *Heller*, 554 U.S. at 600-03

-13-

(examining the public understanding of the Second Amendment in the period after its ratification because "[t]hat sort of inquiry is a critical tool of constitutional interpretation").  Based on its historical review, the Court found support for the proposition that the Second Amendment secures an individual right to carry in case of confrontation means nothing if not the general right to carry a common weapon outside the home for self-defense.  Furthermore, as the court in *Peruta* correctly pointed out, "with *Heller* on the books, the Second Amendment's original meaning is now settled in at least two relevant respects."  *Peruta*, 742 F.3d at 1155.  "First, *Heller* clarifies that the keeping and bearing of arms is, *and has always been*, an individual right.  *Id.* (citing [*Heller*], 554 U.S. at 616, 128 S. Ct. 2783).  "Second, the right is, *and has always been*, oriented to the end of self-defense."  *Id.* (citation omitted).  After an exhaustive summary of the text and history of the Second Amendment, the Ninth Circuit in *Peruta* concluded that "the carrying of an operable handgun outside the home for the lawful purpose of self-defense, though subject to traditional restrictions, constitutes 'bear[ing] Arms' within the meaning of the Second Amendment."  *Peruta*, 742 F.3d at 1166.  As the Ninth Circuit noted, this conclusion is not surprising in light of the fact that other circuits have reached the same result.  *See id.* (citing *Moore*, 702 F.3d at 936 ("A right to bear arms thus implies a right to carry a loaded gun outside the home."); *Drake*, 724 F.3d at 431 (recognizing that the Second Amendment right "*may* have some application beyond the home"); *Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013) ("We . . . assume that the *Heller* right exists outside the home. . . ."); *Kachalsky*, 701 F.3d at 89 (assuming that the Second Amendment "must have *some* application in the very different context of the public possession of firearms")).  This Court, joining with most of the other courts that have addressed this issue, reaches this same conclusion.

-14-

Finally, as the *Peruta* court pointed out, "[u]nderstanding the scope of the right is not just necessary, it is key to [the court's] analysis [because,] if self-defense outside the home is part of the core right to 'bear arms' and the [District of Columbia's] regulatory scheme prohibits the exercise of that right, no amount of interest-balancing under a heightened form of means-end scrutiny can justify [the District of Columbia's] policy." *Id.* at 1167 (citing *Heller*, 554 U.S. at 634, 128 S. Ct. 2783 ("The very enumeration of the right takes out of the hands of government even the Third Branch of Government   the power to decide on a case-by-case basis whether the right is *really worth* insisting upon.")).  Thus, having concluded that carrying a handgun outside the home for self-defense comes within the meaning of "bear[ing] Arms" under the Second Amendment, the Court must now ask whether the District of Columbia's total ban on the carrying of handguns within the District "infringes" that right.

This question is not difficult to answer.  As the Seventh Circuit stated in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), "[a] blanket prohibition on carrying gun[s] in public prevents a person from defending himself anywhere except inside his home; and so substantial a curtailment of the right of armed self-defense requires a greater showing of justification than merely that the public *might* benefit on balance from such a curtailment, though there is no proof that it would." *Id.* at 940.  This does not mean that the government cannot place some reasonable restrictions on carrying of handguns; for example, "when a state bans guns merely in particular places, such as public schools, a person can preserve an undiminished right of self-defense by not entering those places; since that's a lesser burden, the state doesn't need to prove so strong a need." *Id.*  The District of Columbia appears to be the only jurisdiction that still has such a complete ban on the carrying of ready-to-use handguns outside the home.  That does not mean

-15-

that other jurisdictions are indifferent to the dangers that the widespread public carrying of guns;

rather, those jurisdictions "have decided that a proper balance between the interest in self-defense

and the dangers created by carrying guns in public is to limit the right to carry a gun to

responsible persons rather than to ban public carriage altogether[.]"  *Id.* at 940.  In addition, to

"the usual prohibitions of gun ownership by children, felons, illegal aliens, lunatics, and in

sensitive places such as public schools, the propriety of which was not questioned in *Heller* . . .

some states sensibly require that an applicant for a handgun permit establish his competence in

handling firearms."  *Id.* at 940-41 (internal parenthetical omitted).  Some states "also permit

private businesses and other private institutions (such as churches) to ban guns from their

premises."  *Id.* at 941.

In light of *Heller, McDonald*, and their progeny, there is no longer any basis on which

this Court can conclude that the District of Columbia's total ban on the public carrying of ready-

to-use handguns outside the home is constitutional under any level of scrutiny.  Therefore, the

Court finds that the District of Columbia's complete ban on the carrying of handguns in public is

unconstitutional.  Accordingly, the Court grants Plaintiffs' motion for summary judgment and

enjoins Defendants from enforcing the home limitations of D.C. Code § 7-2502.02(a)(4) and

enforcing D.C. Code § 22-4504(a) unless and until such time as the District of Columbia adopts

a licensing mechanism consistent with constitutional standards enabling people to exercise their

Second Amendment right to bear arms.[4]  Furthermore, this injunction prohibits the District from

---

[4] The Court notes that, in *Heller v. Dist. of Columbia*, 08-CV-1289, Dkt. No. 83, Judge Boasberg recently dismissed all of the plaintiffs' challenges to the constitutionality of the District's firearm laws with prejudice except for their challenge to the vision requirement for gun registration, which, because he decided that challenge based on jurisdictional grounds, he

(continued...)

-16-

completely banning the carrying of handguns in public for self-defense by otherwise qualified

non-residents based **solely** on the fact that they are not residents of the District.

C.      **Equal protection and right to travel challenges to residency requirements**

Plaintiff Raymond, the only non-resident individual Plaintiff, and SAF, insofar as some of

its members who are not residents of the District of Columbia who would like to carry a hand

gun in the District when they are there, argue that Defendants' practice of refusing to issue a

---

[4](...continued)
dismissed without prejudice.  *See id.* at 62.  The plaintiffs had challenged the registration
requirements of the District's gun laws.  The issue of the complete ban on the carrying of
handguns in the District for self-defense was not at issue nor was the residency requirement
at issue in that case.  What were at issue, however, were the regulations pertaining to the
registration of firearms, specifically the basic registration requirements as they applied to long
guns and the following registration requirements that applied to all guns: (1) to register a
weapon, registrants must appear in person and in possession of the firearm to be registered and
must submit to being photographed and fingerprinted, *see* D.C. Code § 7-2502.04; (2) to register
a weapon, registrants must complete a firearms-training and safety class and pass a test
demonstrating knowledge of the District's firearms laws, *see* D. C. Code § 7-2502.03(a)(10),
(13); (3) registrants are limited to registering one pistol every thirty days, *see* D.C. Code § 7-
2502.03(e); (4) firearm-registration certificates automatically expire three years after the date
they are issued, unless the registrant renews them, *see* D. C. Code § 7-2502.07a(a), and
registrants are eligible to renew their certificates so long as they continue to meet the District's
initial registration requirements, *see* D.C. Code § 7-2502.03(a), and follow any procedures the
Metropolitan Police Department ("MPD") Chief establishes by rule, *see* D.C. Code § 7-
2502.07a(b).  In addition, the plaintiffs challenged several provisions related to the
administration and enforcement of the gun-registry scheme, including (1) the requirement that
gun owners keep their registration certificates with them when they are in possession of their
registered firearms and be able to exhibit the certificate upon the demand of law enforcement, *see*
D. C. Code § 7-2502.08(c); (2) the requirement that gun owners notify MPD in writing if their
registered weapons are lost, stolen, or destroyed, if they sell or transfer their weapons, or if they
change their name or address, *see* D. C. Code § 7-2502,08(a); (3) the fees associated with the
registration process, *see* D.C. Code § 7-2502.05(b); and (4) the penalties for violations of the
registration scheme, *see* D.C. Code § 7-2507.06.  The plaintiffs in *Heller* have filed a Notice of
Appeal from Judge Boasburg's May 15, 2014 Memorandum-Opinion.  *See Heller*, 08-CV-1289,
at Dkt. No. 84.

permit to carry a gun in the District based solely on the fact that a person is not a resident violates their right to travel and the equal protection clause of the Fourteenth Amendment.

The Court has difficulty seeing how these challenges, under the circumstances of this case, are not co-extensive with Plaintiff Raymond's Second Amendment challenges to the current District laws regarding the complete ban on carrying handguns in public.  Furthermore, as things now stand, Plaintiff Raymond, and all others who are not residents of the District, are treated exactly the same as residents of the District insofar as the District has a complete ban on the carrying of handguns in public for self-defense.  Thus, to the extent that Plaintiff Raymond's right to travel and equal protection claims are not co-extensive with his Second Amendment claims, the Court finds that these claims are not ripe.[5]

## IV. CONCLUSION

Having reviewed the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby **GRANTS** Plaintiffs' motion for summary judgment and **DENIES** Defendants' cross-motion for summary judgment; and the Court further

**ORDERS** that Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of this Memorandum-Decision and Order, are permanently enjoined from enforcing D.C. Code § 7-2502.02(a)(4) to ban registration of handguns to be carried in public for self-defense by law-abiding citizens; and

---

[5] As stated above, with respect to Plaintiff Raymond's Second Amendment claim, the District of Columbia may not completely bar him, or any other qualified individual, from carrying a handgun in public for self-defense simply because they are not residents of the District.

-18-

the Court further

**ORDERS** that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Memorandum-Decision and Order are permanently enjoined from enforcing D.C. Code § 22-4504(a); and the Court further

**ORDERS** that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation from them who receive actual notice of this Memorandum-Decision and Order from enforcing D.C. Code § 7-2502.02(a)(4) and D.C. Code § 22-4504(a) against individuals based solely on the fact that they are not residents of the District of Columbia.

**IT IS SO ORDERED.**

Dated: July 24, 2014
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

-19-

AO 450 (Rev. 01/09, DC-03/10)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

|  |  |  |
|---|---|---|
| TOM G. PALMER, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CA 09-1482 (FJS) |
| DISTRICT OF COLUMBIA, ET AL. | ) | |
| *Defendant* | ) | |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one):*

❏ the plaintiff *(name)* _____ recover from the
defendant *(name)* _____ the amount of
_____ dollars ($ _____ ), which includes prejudgment
interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

❏ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____

☑ other:   Judgment is entered for Plaintiffs against Defendants pursuant to the Memorandum-Decision and Order
filed on July 26, 2014 in which the Court grants Plaintiffs' motion for summary judgment and denies
Defendants' cross motion for summary judgment.

This action was *(check one):*

❏ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

❏ tried by Judge _____ without a jury and the above decision
was reached.

☑ decided by Judge  Frederick J. Scullin, Jr. _____   on a motion for
summary judgment by Plaintiffs and a cross motion for summary judgment by Defendants.

Date:   _____ 07/29/2014 _____

*ANGELA D. CAESAR, CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
_____

**TOM G. PALMER, GEORGE LYON,**
**EDWARD RAYMOND, AMY MCVEY,**
**and SECOND AMENDMENT FOUNDATION,**
**INC.,**

                                      **Plaintiffs,**

                  **v.**                                     **1:09-CV-1482**
                                                           **(FJS)**

**DISTRICT OF COLUMBIA and**
**CATHY LANIER,**

                                     **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **GURA & POSSESSKY, PLLC** | **ALAN GURA, ESQ.** |
| 101 North Columbus Street, Suite 405 | |
| Alexandria, Virginia 22314 | |
| Attorneys for Plaintiffs | |
| **OFFICE OF THE ATTORNEY** | **ANDREW J. SAINDON, ESQ.** |
| **GENERAL FOR THE DISTRICT** | |
| **OF COLUMBIA** | |
| 441 Fourth Street, N.W. | |
| 6th Floor South | |
| Washington, D.C. 20001 | |
| Attorneys for Defendants | |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In a Memorandum-Decision and Order dated July 24, 2014, the Court granted Plaintiffs'

motion for summary judgment and denied Defendants' cross-motion for summary judgment. *See*

Dkt. No. 51 at 18.  In so doing, the Court permanently enjoined Defendants from enforcing D.C.

Code § 7-2502.02(a)(4) to ban registration of handguns to be carried in public for self-defense by law-abiding citizens and permanently enjoined Defendants from enforcing D.C. Code § 22-4504(a).  *See id.* at 18-19.  Finally, the Court enjoined Defendants from enforcing D.C. Code § 7-2502.02(a)(4) and D.C. Code § 22-4504(a) against individuals based solely on the fact that they were not residents of the District of Columbia.  *See id.* at 19.  The Court entered judgment on July 29, 2014.  *See* Dkt. No. 54.

Defendants filed a motion for reconsideration of the Court's July 24, 2014 Memorandum-Decision and Order, *see* Dkt. No. 62, which Plaintiffs opposed, *see* Dkt. No. 65.  On October 17, 2014, the Court heard oral argument in support of and in opposition to that motion; and, at the conclusion of the parties' arguments, the Court issued an oral order denying the motion.  *See* Minute Entry dated October 17, 2014.  The Court also advised the parties that a written decision would be forthcoming.  The following constitutes the Court's written disposition of Defendants' motion.

## II. DISCUSSION

It is well-established that a court need not grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure '"unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice."'  *Koch v. White*, No. 12-0301, 2014 WL 2598745, *1 (D.D.C. June 11, 2014) (quoting *Dyson v. District of Columbia*, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004))).  Parties may not use Rule 59(e) motions '"to raise new arguments or present evidence that could have been raised prior to

-2-

the entry of judgment.'"  *Id.* (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d

23, 28 (D.D.C. 2001)) (other citation omitted).  Finally, in this Circuit, "'[m]otions for

reconsideration are disfavored and are 'granted only when the moving party establishes

extraordinary circumstances.'"  *Id.* (quoting *Solomon v. Univ. of Southern California*, 255 F.R.D.

303, 305 (D.D.C. 2009) (quoting *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d at

28)).

 As a basis for their Rule 59(e) motion, Defendants assert that there is a need to correct

clear error in the Court's July 24, 2014 Memorandum-Decision and Order.  Specifically, they

argue that the Court's decision  contained two underlying errors: (1) the Court's finding that the

right to carry firearms in public was at the core of the Second Amendment and (2) the Court's

reliance only on cases that were not controlling precedent to support that conclusion.  *See* Dkt.

No. 63 at 4.  Furthermore, Defendants contend that the Court compounded those errors by not

addressing or considering their justifications for their total ban on the carrying of firearms in

public.  *See id.*  Finally, Defendants claim that the Court erred by not engaging in an intermediate

scrutiny analysis or, alternatively, that, if it did engage in such analysis and found the record

wanting, the Court should have, based on the *Heller II* remand, ordered additional briefing

regarding Defendants' justifications.  *See id.*

 As the Court noted at oral argument, it finds that Defendants' arguments in support of

their motion are somewhat disingenuous.  As the Court stated in its decision, the Ninth Circuit's

conclusion in *Peruta* that "the carrying of an operable handgun outside the home for the lawful

purpose of self-defense, though subject to traditional restrictions, constitutes 'bear[ing] Arms'

within the meaning of the Second Amendment," *Peruta v. Cnty. of San Diego*, 742 F.3d 1144,

1166 (9th Cir. 2014), was not surprising in light of other circuits that had reached the same result. *See* Dkt. No. 51 at 14 (citing [*Peruta*, 742 F.3d at 1166]).  In so stating, this Court made clear, as did the Ninth Circuit in *Peruta*, that those circuits had **either held or assumed** that the right to bear arms implies a right to carry outside the home.  *See id.* (citing [*Peruta*, 742 F.3d at 1166] (citing *Moore*, 702 F.3d at 936 ("A right to bear arms thus implies a right to carry a loaded gun outside the home."); *Drake*, 724 F.3d at 431 (recognizing that the Second Amendment right "*may* have some application beyond the home"); *Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013) ("We . . . assume that the *Heller* right exists outside the home. . . ."); *Kachalsky*, 701 F.3d at 89 (assuming that the Second Amendment "must have *some* application in the very different context of the public possession of firearms")).

Moreover, despite Defendants' assertion to the contrary, this Court very clearly noted that, although the core of the Second Amendment was the right to bear arms for self-defense,  there was a difference between the burdens that the government could place on the exercise of that right depending on whether individuals were exercising that right at home or in public.  *See* Dkt. No. 51 at 15-16.

Finally, as the Court clearly stated in its option and at oral argument, it was not necessary to determine what level of scrutiny applied in this situation because, "[i]n light of *Heller*, *McDonald*, and their progeny, there [was] no longer any basis on which this Court [could] conclude that the District of Columbia's total ban on the public carrying of ready-to-use handguns outside the home [was] constitutional under **any level of scrutiny**" be it intermediate or strict. *See* Dkt. No. 51 at 16 (emphasis added).  As the Court explained at oral argument, if and when Defendants present this Court with a statute that provides some limitations on the carrying of

handguns in public, rather than a total ban on such activity, the Court will then be required to determine whether to apply strict or intermediate scrutiny to those limitations in order to decide whether they passed constitutional muster under the appropriate level of scrutiny.  That, however, is not the issue now before the Court.

For all these reasons, the Court concludes that Defendants have not sustained their burden to establish that the Court's decision was based on a clear error of law.  At best, Defendants' motion for reconsideration presents a disagreement with the Court's interpretation of the relevant law, which, although it may be grounds for an appeal, is not a proper basis for a motion for reconsideration.


### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration of the Court's July 26, 2014 Memorandum-Decision and Order is **DENIED**.


**IT IS SO ORDERED.**


Dated: November 6, 2014
        Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge