No. 14-7180

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TOM PALMER, *et al.*,
APPELLEES,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLANTS.

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**MOTION OF APPELLANTS TO HOLD CASE IN ABEYANCE
AND FOR ASSOCIATED RELIEF**

The District of Columbia and Metropolitan Police Department Chief Cathy L. Lanier, appellants here and defendants below, move to hold this case in abeyance pending the disposition of plaintiffs' post-judgment motions in the district court. While the District believes that the district court should reject these motions—and indeed that plaintiffs in continuing to press them during the pendency this appeal are asking the district court to exceed its jurisdiction—their resolution could either affect this appeal or lead to a new appeal that could be consolidated with this one. Thus, to enable this Court to undertake a complete

review of this case, and to conserve judicial and party resources by not engaging in piecemeal litigation, this Court should hold the present appeal in abeyance until the pending post-judgment motions are resolved. Appellees have indicated that they will oppose this motion.

## BACKGROUND

This appeal concerns a Second Amendment challenge to the District's law prohibiting most individuals from carrying firearms outside of the home. D.C. Code §§ 7-2502.01(a), 7-2502.02(a)(4), 22-4504(a). On July 26, 2014, the district court (Scullin, J., sitting by designation) enjoined the District from enforcing D.C. Code § 22-4504(a) as it then read (it has since been substantially amended), and from enforcing D.C. Code § 7-2502.02(a)(4) in certain respects, and entered a final judgment. ECF Record Document ("RD") 51; RD 54. After the district court denied defendants' motion for reconsideration orally on October 17 and then in writing on November 6, RD 75, defendants timely noted an appeal on November 14, RD 78, which was docketed in this Court on November 19.

While defendants' motion for reconsideration was pending before the district court, the Council of the District of Columbia amended D.C. Code § 22-4504 to permit properly licensed individuals in some circumstances to publicly carry concealed pistols. *See* License to Carry a Pistol Emergency Amendment Act of 2014, D.C. Act A20-447 (effective October 9, 2014), 60 D.C. Reg. 10765 (Oct. 17,

2

2014); *see also* License to Carry a Pistol Temporary Amendment Act of 2014, D.C. Act A20-462 (signed by the Mayor October 31, 2014, transmitted to Congress for review Nov. 19, 2014, projected law date Jan. 3, 2015), 61 D.C. Reg. 11814 (Nov. 14, 2014). On October 2, 2014, plaintiffs filed a post-judgment motion in the district court, asking Judge Scullin to enjoin the District's enforcement of the new legislation. RD 71. The new legislation, which followed the district court's final judgment, naturally had not been a subject of the complaint or related summary judgment briefing from 2009.

Contemporaneous with filing the notice of appeal on November 14, defendants filed a suggestion with the district court that it was divested of jurisdiction over the case because the notice of appeal transferred jurisdiction over the final judgment to this Court. RD 79. On November 18, plaintiffs filed a response and a motion seeking to hold defendants in contempt for allegedly violating the terms of the injunction, notwithstanding the notice of appeal and revisions of the District's public-carry law. RD 81; RD 83.

On November 19, the day the appeal was docketed in this Court and one day after plaintiffs filed their contempt motion in the district court, plaintiffs filed a motion for summary affirmance in this Court.

## DISCUSSION

This Court should hold the appeal in abeyance pending resolution of two motions pending in the district court that will affect the course of this appeal: plaintiffs' motion for a permanent injunction of the District's new public-carry scheme, RD 71, and plaintiffs' motion to hold defendants in contempt, RD 83. Defendants believe that their filing of a notice of appeal in this Court divested the district court of jurisdiction over the final judgment and any authority to reopen this case to issue an injunction against the new legislation, but plaintiffs continue to press their motions. As long as plaintiffs continue to do so, and until the district court rules on them, this Court should hold this appeal in abeyance in order to conserve judicial and party resources and to inform the course of this appeal.

If the appeal is not held in abeyance, the case will proceed on inefficient and incomplete tracks in both this Court and the district court. For example, if the district court determines that it has jurisdiction over plaintiffs' motions and rules on the merits of them, any resulting appeals should be consolidated with the present appeal. But consolidation might not be possible at that point, given that plaintiffs filed a motion for summary affirmance one day after this appeal was docketed.

Moreover, it makes little sense for this Court to review the July 26 injunction and final judgment while the parties continue to dispute what the injunction and final judgment mean before the district court. While the District believes the

orders are clear on their face, and so continues to oppose the district court's post-judgment motions, that court's resolution of the motions may aid this Court in its review. The District thus not only moves to hold the appeal in abeyance, but also moves the Court immediately to stay proceedings on plaintiffs' motion for summary affirmance, since the question of abeyance logically precedes that of summary affirmance.

This Court's review of the important issue in this case—a constitutional challenge to the District's legislation in the critical area of public safety—should be thorough and considered, not piecemeal and rushed by plaintiffs' strategic maneuvers, expansive suggestions of the district court's continuing jurisdiction, and overwrought claims of contempt by the District government in light of the amended statute. Accordingly, the case should be held in abeyance pending the district court's disposition of all pending motions.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for
the District of Columbia

TODD S. KIM
Solicitor General

LOREN L. ALIKHAN
Deputy Solicitor General

|  |  |
|---|---|
| | /s/ Holly M. Johnson |
| | HOLLY M. JOHNSON |
| | Assistant Attorney General |
| | Office of the Solicitor General |
| | |
| | Office of the Attorney General |
| | 441 4th Street, NW, Suite 600S |
| | Washington, D.C. 20001 |
| November 2014 | (202) 442-9890 |

# CERTIFICATE OF SERVICE

I certify that on November 25, 2014, electronic copies of this motion were served through the Court's ECF system, to:

Alan Gura, Esq.
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314

/s/ Holly M. Johnson
HOLLY M. JOHNSON