# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| TOM G. PALMER, et al., | ) | No. 14-7180 |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| _____ | ) | |

### APPELLEES' OPPOSITION TO APPELLANTS' MOTION TO HOLD CASE IN ABEYANCE AND FOR ASSOCIATED RELIEF

The rules are very clear. They should be applied.

*First*, the Appellants' deadline to respond to the motion for summary affirmance was December 4, 2014. *See* Fed. R. App. P. 27(a)(3)(A), 26(c). That deadline passed without being extended.

*Second*, Fed. R. App. P. 4 plainly provides which motions, when pending in the District Court, extend the time to appeal and automatically stay the effect of any notice of appeal that has already

1

been filed. Nothing pending before the District Court now falls under Rule 4, and Appellants never sought to extend their time to notice an appeal, which is why they filed their notice of appeal when they did—and why this appeal must be effective, regardless of the District Court's non-Rule 4 post-judgment business.

*Third*, it is crystal clear that district courts retain jurisdiction to enforce compliance with their orders pending appeal. *See, e.g.*, *NOW* v. *Operation Rescue*, 816 F. Supp. 729, 734 (D.D.C. 1993), *aff'd in part, vacated in part*, 37 F.3d 646 (D.C. Cir. 1994) (contempt notwithstanding notice of appeal). The District Court will determine whether Appellants are truly complying with its injunction, or resisting. This motion is not the vehicle by which to present this Court with argument about the still-pending motions for enforcement—there will be time enough for that, should the need arise.

*Fourth*, although Appellants fail to mention it, the parties agreed upon, and the District Court provided, a ninety-day stay of its injunction to allow the Appellants to enact remedial legislation.[1] The

---

[1]The City enacted legislation, but the parties dispute whether that legislation does anything other than cosmetically re-enact the law, and

District Court denied Appellants' motion for a stay double that length, but afforded them an opportunity to seek a shorter, additional stay—which they declined to seek, just as they have apparently declined to seek a stay pending appeal under Fed. R. App. P. 8 after noticing their appeal at nearly the last possible moment.

Of course, the first requirement for obtaining a stay pending appeal is likelihood of success on the merits. *But see* the now-unopposed Motion for Summary Affirmance.

*Fifth*, if the District Court enters any orders to enforce its judgment—as it plainly has the power to do—then Appellants would be entitled to file another notice of appeal. There is no reason why that second appeal, if and when it might be filed, could not be consolidated with this appeal, unless the now-unopposed Motion for Summary Affirmance were to be granted in the interim (as it should).

And were that motion to be granted, all the better—because the City's current emergency legislation purporting to remedy the constitutional violation here is set to expire, and the City Council still

---

whether the District Court properly retained equitable jurisdiction.

refuses to believe that the constitutional right even exists. That extremely narrow but preliminary question, whether the Second Amendment guarantees *any* right to carry handguns, of whatever dimension and subject to whatever regulation, is the only question in the instant appeal. Appellants complain of a "piecemeal" resolution, but the City Council could use this Court's answer as it ponders permanent legislation.

*Sixth*, the rules exist for the protection of *all* the parties and to ensure the orderly, efficient and predictable administration of this Court's business. They should be followed. Proceeding with this appeal, under the normal procedure set out by the rules, would not prejudice Appellants in any way. Should this Court (over Appellees' opposition) wish to relieve Appellants of their default in failing to answer the motion for summary affirmance, they might make whatever arguments they wish to assert against that motion, and they would always retain the ability to make whatever arguments they might wish to assert should they choose to file another appeal.

Appellees, however, have waited nearly *five years* for the District Court to afford them relief for the violation of a fundamental right. *See In re Palmer*, No. 13-5317. They had already agreed to a ninety-day stay to allow for enactment of remedial legislation, only to see the City respond with a cynical revival of a licensing process under which "[i]t [was] common knowledge . . . that with very rare exceptions licenses to carry pistols ha[d] not been issued in the District of Columbia for many years and [were] virtually unobtainable." *Bsharah* v. *United States*, 646 A.2d 993, 996 n.12 (D.C. 1994).

## CONCLUSION

Respectfully, the time for open-ended delays is over. Unlike the Court's rules, this motion serves no useful purpose. It should be denied.

Dated: December 8, 2014          Respectfully submitted,

                                 Alan Gura
                                 Gura & Possessky, PLLC
                                 105 Oronoco Street, Suite 305
                                 Alexandria, VA 22314
                                 703.835.9085/703.997.7665

                         By:     /s/ Alan Gura
                                 Alan Gura

                                 Attorney for Appellees

5

CERTIFICATE OF SERVICE

I certify that on this 8th day of December, 2014, I filed the foregoing electronically with the Clerk of the Court using the CM/ECF System. I further certify that I will submit any required paper copies to the Court. I further certify that counsel for Defendants-Appellants is a registered CM/ECF user and will be served via the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 8th day of December, 2014.

/s/ Alan Gura
Alan Gura

*Counsel for Plaintiffs-Appellees*