No. 14-7180

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

TOM PALMER, *et al.*,
APPELLEES,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLANTS.

ON APPEAL FROM A JUDGMENT OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**REPLY OF APPELLANTS IN SUPPORT OF THEIR MOTION TO HOLD
THE CASE IN ABEYANCE AND FOR ASSOCIATED RELIEF**

The District of Columbia and Metropolitan Police Department Chief Cathy L. Lanier ("the District") moved to hold their appeal in abeyance pending the disposition of appellees' post-judgment motions in the district court. As the District explained, the disposition of these motions will likely be appealed and should be consolidated with this appeal to preserve public and judicial resources. At the least, even if not appealed, the district court's resolution of those motions is very likely to inform the substance of this appeal.

Appellees concede that any appeal of the district court's rulings on the motions currently pending could be consolidated with this appeal, and that this may well be impossible if this Court does not hold this appeal in abeyance pending the district court's disposition of those motions. Opposition 3. And they offer no substantive response to the District's explanation of how the district court's rulings might affect the substance of this appeal. *See* Motion 4-5; Opposition 4.

Appellees can articulate no injury they will suffer by temporary abeyance of this appeal. They brought this action to challenge the constitutionality of the District's laws banning citizens from carrying firearms outside their homes. *They prevailed*. The district court has struck down the laws they challenged and enjoined the District from enforcing those laws. This order is in full effect and will remain so until this Court issues a decision in this appeal. Appellees already are enjoying the full relief they sought in the district court, and holding this appeal in abeyance will not affect this relief.

Appellees suggest that a ruling on summary affirmance is needed immediately, because the District's emergency legislation creating a licensing mechanism to regulate the carrying of firearms is "set to expire." Opposition 3. But, as the District noted in its motion, it has already enacted temporary legislation to cover this potential gap, which was transmitted to Congress on November 19, 2014 and is expected to go into effect on January 3, 2015. *See* Motion 3. And

even if the District had not done so, it is not clear how the expiration of the emergency legislation could possibly *limit* appellees' right to carry firearms. The district court has enjoined the District from enforcing prior law that effected a ban on carrying firearms; the expiration of the District's emergency licensing mechanism would not affect this holding.

Appellees next argue that the new legislation is no different from the ban on carrying firearms the district court already declared unconstitutional. Opposition 2-3 n.1. But this is the very issue before the district court right now, and the uncertainty as to whether the district court will consider the question is precisely why the District has sought to hold this appeal in abeyance.

Moreover, the District has not argued that it is entitled to an automatic stay, as appellees suggest. Opposition 1-2. To the contrary, the District believes this appeal is properly before this Court and the district court cannot consider appellees' post-judgment request for review of the District's new legislation. (The District invites appellees to withdraw those motions if they would like to proceed on this appeal now, rather than have it held in abeyance.) But if the motions remain pending below, the district court must rule on them, and its rulings are likely to be appealed by the losing party. It makes no sense for the parties to draft—and this Court to consider—motions and responses on summary disposition of the injunction when the district court will soon explain what conduct the

injunction was meant to preclude. Nor does it make sense to waste valuable public and judicial resources to brief and argue an issue that is likely to be informed by, and ultimately consolidated with, the district court's rulings on the pending motions.

Finally, it is important to note that the District is not somehow in "default" because it did not oppose appellees' motion for summary affirmance on December 4, 2014. Opposition 4. The District "not only move[d] to hold the appeal in abeyance, but also move[d] the Court immediately to stay proceedings on plaintiffs' motion for summary affirmance." Motion 5. Under Circuit Rule 27(h)(4), the District's motion automatically extended its deadline to oppose appellees' motion for summary affirmance until the Court rules on the abeyance motion.

Accordingly, the case should be held in abeyance pending the district court's disposition of all pending motions.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for
the District of Columbia

TODD S. KIM
Solicitor General

LOREN L. ALIKHAN
Deputy Solicitor General

/s/ Holly M. Johnson
HOLLY M. JOHNSON
Assistant Attorney General
Office of the Solicitor General

Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001
December 2014                    (202) 442-9890

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2014, electronic copies of this motion were

served through the Court's ECF system, to:

Alan Gura, Esq.
Gura & Possessky, PLLC
105 Oronoco Street, Suite 305
Alexandria, VA 22314

/s/ Holly M. Johnson
HOLLY M. JOHNSON